## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC WILLIAMS**                                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO.05-1402**

**PRIDE OFFSHORE, INC.**                                         **SECTION "K" (4)**

<u>ORDER</u>

Before the Court is Defendant's 12(b)(1) Motion To Dismiss Or, Alternatively, Motion

To Compel Arbitration And To Stay Proceedings (Rec. Doc. 4).  The plaintiff filed an opposition

and the defendant filed a reply to plaintiff's opposition.  Having read the memoranda, relevant

law, and the Mutual Agreement between the parties, the Court grants defendant's motion and

dismisses plaintiff's claim with prejudice.

<u>BACKGROUND</u>

Plaintiff was employed by Pride Offshore as a crane operator.  On July 31, 2002, Plaintiff

and Pride Offshore entered into a "Mutual Agreement To Arbitrate Claims" ("Agreement").[1]  On

---

[1]The Court notes plaintiff's Opposition states "[t]he arbitration agreement was allegedly
signed by Plaintiff at the time of his employment and is dated July 31, 2001."  To the extent this
vaguely creates an inference that the Agreement was not signed by the plaintiff, the Court notes
plaintiff made no such argument.  Nor did the plaintiff provide an affidavit to this effect.
Therefore, the Court regards this Agreement as signed by the plaintiff.

the same date, plaintiff was hired by Pride Offshore.  Plaintiff was terminated on or about February 23, 2004.  On April 1, 2005, plaintiff filed suit in the Eastern District of Louisiana for race discrimination alleging that race was a motivating factor in his termination.

## LEGAL STANDARD

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Assoc., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). A 12(b)(1) motion may be appropriate when a plaintiff's claim is barred by sovereign immunity, as well as in the typical situation where a defendant alleges that there is no diversity of citizenship between the parties, jurisdictional amount, and/or the plaintiff's claim does not involve a federal question. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1350 (2d ed.2003).  Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See e.g., Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151.  In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as

2

undisputed facts in the record. *See Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986).

Uncontroverted allegations of the complaint, however, must be accepted as true. *Den Norske*

*Stats Oljeselskap As,* 241 F.3d at 424.

## ANALYSIS

The Fifth Circuit stated in *Folse v. Richard Wolf Medical Instruments Corp*., 56 F.3d

603, 605 (5th Cir.1995):

> A district court's first take in evaluating such a motion [to compel arbitration] is to
> determine "whether the parties agreed to arbitrate [the] dispute." (citations omitted).
> When the parties have so agreed, they "should be held to [their agreement]", unless some
> "legal constraint [ ] external to the parties' agreement foreclos[es] the arbitration of those
> [disputes]"(as when "Congress itself has evinced an intention to preclude a waiver of
> judicial remedies for the statutory rights at issue.")(citation omitted).

Thus, this Court will perform the analysis outlined above.

## A. Whether the Parties Agreed to Arbitrate the Dispute?

Federal law governs the issue of the arbitrability of contractual disputes within the

coverage of the Act, whether the action is in state or federal court. *Moses H. Cone Memorial*

*Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765

(1983). To determine whether a dispute is arbitrable, the court must employ the rules of contract

construction to determine the intent of the parties. *Harvey v. Joyce and CTC Minerals, Inc.*, 199

F.3d 790, 793 (5th Cir.2000). However, the Supreme Court noted the strong congressional

policy favoring arbitration. *Cone,* 460 U.S. at 22, 23, 103 S.Ct. at 940, 941. This policy

"requires a liberal reading of arbitration agreements." Id. at 23, n. 27, 103 S.Ct. at 940, n. 27.

The Supreme Court added:

> [t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning
> the scope of arbitrable issues should be resolved in favor of arbitration, whether the

problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Id.* at 24-25, 103 S.Ct. at 941-942 (footnote omitted).

*1.  Mutual Agreement To Arbitrate Claims between Eric Williams and Pride International*

The Agreement provides in pertinent part:

I [Eric Williams] recognize that differences may arise between Pride International, Inc. (the "Company") and me during or following my employment with the Company, and that those differences may or may not be related to my employment.  I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure.

**Claims Covered by the Agreement**
The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise.  The claims covered by this Agreement include, but are not limited to . . . claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, or medical condition, handicap or disability) . . . .

**Claims Not Covered by the Agreement**
Claims I may have for workers compensation or unemployment compensation benefits are not covered by this Agreement.   Also not covered are claims by the Company for injunctive  and/or other equitable relief for unfair competition . . . .

**Not an Employment Agreement**
This Agreement is not, and shall not be construed to create, any contract of employment, express or implied, nor does this agreement in any way alter the "at-will" status of my employment.

Plaintiff's only argument regarding the Agreement is that the Louisiana Arbitration Act does not authorize arbitration of plaintiff's claims under La. R.S. §9:4201.  However,  both parties agree the Louisiana Arbitration Act is inapplicable.  The Court must examine the Agreement itself to determine whether plaintiff's claim for race discrimination against defendant

4

is covered by the Agreement to Arbitrate.  The Agreement specifically provides that all claims

whether or not arising out of plaintiff's  employment or termination shall be submitted to

arbitration.  The Agreement specifically states that claims for discrimination including race are

included.  Furthermore, considering the policy favoring arbitration, the court finds that the

Agreement covers plaintiff's claim against the defendant.  Furthermore, the Fifth Circuit in

*Williams v. Cigna Financial Advisors, Inc.*, 197 F.3d 752, 759-60 (1999) recognizes that ADEA

and Title VII claims can be subjected to compulsory arbitration under the FAA.  Thus, plaintiff's

claim for race discrimination is clearly covered by the Agreement to Arbitrate.

**B. Whether Any Legal Constraint Forecloses Arbitration?**

Plaintiff argues this Agreement falls within the exclusion to the Federal Arbitration Act.

Section I of the FAA provides in pertinent part: "but nothing herein contained shall apply to

contracts of employment of seaman, railroad employees, or any other class of workers engaged

in foreign or interstate commerce.  9 U.S.C. § 1.  Plaintiff argues that since Pride Offshore, Inc.

is one of the world's largest drilling contractors with business both offshore and on land in more

than 30 countries and marine provinces and since plaintiff's job included lifting drilling rigs onto

boats for transport, he is part of a "class of workers engaged in foreign or interstate commerce."

Plaintiff cites to *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 748 (5th Cir.1986)(citing

*Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592 (6th Cir.1995) wherein the Court stated the

phrase "any other class of workers engaged in foreign or interstate commerce" refers to workers

actually engaged in the movement of goods in interstate commerce in the same way seamen and

railroad workers are.   Defendant responds that it is not engaged in work similar to that of

seamen or railroad workers and that it is not contracted by any entity to ship or transport goods

as a primary or secondary business purpose.  Instead, defendant argues, Pride's primary business

is to provide drilling and related services to oil and gas companies.  Plaintiff also cites to several

cases wherein the Court found the exemption applied;[2] however, defendant argues these cases

are inappropriate as each of the defendants in these particular cases operated businesses with the

primary purpose of transporting goods on a contract basis for other entities or individuals;

whereas, Pride's business purpose is to provide drilling services, equipment, skill, and

knowledge to oil and gas companies.

The Court agrees with defendants herein.  The Supreme Court in *Circuit City Stores*, *Inc.*

*v. Saint Clair Adams*, 532 U.S. 105, 109, 121 S.Ct. 1302, 1306, L.Ed. 2d 234 (2001) considered

the Ninth Circuit's holding which construed the exemption in 9 U.S.C. § 1 so that *all* contracts of

employment are beyond the FAA's reach, whether or not the worker is engaged in

transportation.[3]  The Court reversed the Ninth Circuit's holding and held that "Section 1 exempts

from the FAA only contracts of employment of transportation workers."  *Id.* at 119, 1311.  The

Court noted that most Courts of Appeals concluded the exclusion provision is limited to

"transportation workers, defined, for instance, as those workers 'actually engaged in the

movement of goods in interstate commerce.'"  *Id.* at 112, 1307.  The Court noted: "We held that

the phrase 'engaged in commerce' in § 7 'means engaged in the flow of interstate commerce, and

---

[2]*Palcko v. Airborne Express, Inc*., 372 F.3d 588, 593-594 (3rd Cir.2004); *Bacashihua v. U.S. Postal Service*, 859 F.2d 402, 405 (6th Cir.1988); *American Postal Workers Union v. U.S. Postal Service*, 823 F.2d 466, 473 (11th Cir.1987); *Lenz v. Yellow Transp., Inc*., 352 F.Supp.2d 903, 909 (S.D.Iowa 2005); *Owner-Operator Independent Drivers Ass'n v. C.R. England, Inc*., 325 F.Supp.2d 1252, 1257-1258 (D.Utah 2004).

[3]The plaintiff in this case was a employee at Circuit City, a national retailer of consumer electronics, who filed an employment discrimination suit against his employer.

was not intended to reach all corporations engaged in activities subject to the federal commerce power.'" *Id*. at 117, 1310 (citing *United States v. American Building Maintenance Industries*, 422 U.S. 271, 283, 95 S.Ct. 2150, 45 L.Ed.2d 177 (1975)).  The Court stated, "[t]he plain meaning of the words 'engaged in commerce' is narrower than the more open-ended formulations 'affecting commerce' and "involving commerce.'"  532 U.S. 118, 121 S.Ct. 1310. *Id*.

The Fifth Circuit *Rojas v. TK Communications* held that the exemption did not apply to a disc jokey merely because she was a worker in interstate commerce.  87 F.3d at 749.  "[T]he exclusionary clause of §1 of the Arbitration Act should be narrowly construed to apply to employment contracts of seaman, railroad workers, and any other class of workers actually engaged in the movement of goods in interstate commerce in the same way that seaman and railroad workers are."  *Id*. at 748 (citing *Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592 (6th Cir.1995).  In the instant case, Mr. Williams, a crane operator, worked for a corporation whose primary business is to provide drilling services to oil and gas companies; plaintiff has not provided any evidence that Pride Offshore, Inc. engages in the movement of goods in interstate commerce in the same way as seaman and railroad workers.  In *Lenz v. Yellow Transp., Inc.*, *infra*, a case cited by the plaintiff, the court stated " Defendant is a transportation company serving primarily as a carrier of general commodities by truck."  Unlike the defendant in *Lenz*, defendant herein is not in the transportation business; plaintiff's own admission is that Pride Offshore is "one of the world's largest drilling contractors."  For these reasons, the Court finds the exclusionary clause does not apply to plaintiff's Agreement in the instant matter.

**C. Whether Plaintiff's Action Should be Dismissed With Prejudice or Stayed?**

The Fifth Circuit in *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir.1999) held:

> Although the express terms of [1 U.S.C.] § 3 provide that 'a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration . . . "This rule, however, was not intended to limit dismissal of a case in the proper circumstances." If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate.

*See also, Ndanyi v. Rent-A-Center, Inc*., 2004 WL 3254516 (J. Berrigan) dismissing plaintiff's suit because the Court lacked jurisdiction due to the binding arbitration agreement between the parties). In this case, the Court holds that dismissal is warranted because the entire matter is encompassed by the Mutual Agreement to Arbitrate Claims.

Accordingly,

**IT IS ORDERED** that Defendant's 12(b)(1) Motion To Dismiss (Rec. Doc. 4) is **HEREBY GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for award of attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, this ___12th___ day of August, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**